UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLSWORTH CORPORATION | CIVIL ACTION |
| VERSUS | NO. 22-3247 |
| ASPEN AMERICAN INSURANCE COMPANY | SECTION A(5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant Aspen Specialty Insurance Company ("Aspen"). The motion, submitted for consideration on August 17, 2022, is before the Court on the briefs without oral argument. For the reasons that follow, the Defendant's motion is **DENIED**.

Defendant Aspen issued a policy for Professional Liability Insurance for the period of October 1, 2019, to October 1, 2020. On August 3, 2020, Command Construction filed a reconventional demand against the Plaintiff Ellsworth Corporation ("Ellsworth"). On November 23, 2020, Aspen agreed to defend Ellsworth against Command's demand. Aspen agrees that it had a duty to defend the Command lawsuit (Rec. Doc. 6-3, at 3). Additionally, Ellsworth is seeking relief to recover the costs of legal fees incurred from defending a Louisiana Department of Insurance ("LDI") regulatory proceeding against Ellsworth. The point of contention in this lawsuit is whether Aspen fulfilled its duty and whether it had been given sufficient notice, according to the language of the insurance policy that was sold. The purpose of this motion is more limited.

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a *plausible* claim for relief. *Id*.

In a 12(b)(6) analysis, the Court may consider the complaint, attachments to the complaint, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In a 12(b)(6) analysis, the Court must view the facts in a light most favorable to the Plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

According to Louisiana law, an insurance contract must be construed according to the entirety of the terms and conditions within the policy. La. Rev. Stat. § 22:654. The words within the policy must be given their generally prevailing meaning. La. Civ. Code art. 2047. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the

insurance contract must be enforced as written. *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).

In the case at hand, Aspen moves to dismiss the lawsuit because it claims that it provided counsel to Ellsworth in the appropriate manner for the Command lawsuit, that Aspen was not given the appropriate notice of the Command lawsuit, and that the complaint fails to allege sufficient facts to establish that the LDI Proceeding is covered under the policy sold to Ellsworth. In doing so, Aspen asks the Court to wage into a fact-based interpretation of events and the language of the policy that is inappropriate for this stage of the proceedings. Both parties have submitted conflicting exhibits about the existence of an active insurance policy. However, Aspen's motion incorrectly analyzes 12(b)(6) as the Court must at this stage. When viewing the Plaintiff's complaint as true, a 12(b)(6) dismissal is unwarranted. For these reasons, the motion to dismiss is DENIED.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** is **DENIED**.

July 17, 2023

                                                  JUDGE JAY C. ZAINEY
                                                  UNITED STATES DISTRICT JUDGE